### No. 2363.—Succession of Magdeline Young.

A purchaser of property sold under an order of the court to affect a partition of community property between the surviving partner and the heirs, may be compelled to comply with his bid, if the record shows that all the formalities required by law have been complied with in making the sale.

APPEAL from the Second District Court for the parish of Orleans. *Duvigneaud, J. Cotton & Levy,* for appellant. *Brice & Mitchell,* for appellees.

Howell, J. This is a proceeding against the adjudicatee of succession property sold on the petition of the surviving husband and natural tutor of a second set of minor children of the deceased, to compel him to comply with his bid. His answer is that the sale was made without issue being joined or judgment rendered in the suit for a partition, and that a legally formed family meeting was not held in the case by the appointment of a special tutor *ad hoc* for each minor.

The deceased left two sets of minor children—one by the surviving husband, N. Young, who was confirmed their natural tutor, and W.

Seifert, appointed under tutor, the other by a former husband, N. Baker, to whom A. Dorr was appointed tutor and P. Dorr under tutor. Young prayed for a second inventory on the ground that since the date of the first valuable improvements had been made on the community property which enhanced its value; for the appointment of experts to report whether said property could be divided in kind or must be sold for a partition thereof between himself as survivor in community and the heirs of his deceased wife, as his interest was distinct from that of his own children; that their under tutor as well as the tutor of the Baker children be cited. Citations were accordingly issued and served. The inventory was taken, the experts reported that a sale was necessary; this report and the inventory were homologated, a family meeting to advise as to a partition and fix the terms of sale were prayed for and ordered, the deliberations of the family meeting recommending the partition and fixing the terms of sale were approved by the tutor, Dorr, and under tutor, Seifert, and homologated by the court and the sale ordered.

This seems to be a compliance with all the essential requirements of the law for making an inventory and sale of community property for the purposes of partition. It is true there was no formal answer to the petition for partition nor default entered, but the proper representatives of the minors were cited ; they attended the family meeting and expressed their approval of the partition and sale, and the homologation of these proceedings was an authority for the partition and sale upon which the order of the court issued. The purchaser has no interest in raising the question as to the form or mode of making the. partition.

The grounds urged by the purchaser for not complying with his bid are not sufficient, and the district judge did not err in ordering him to comply.

Judgment affirmed.